IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

**KAYDEE INTERNATIONAL CORP**
**D/B/A GOLFCREST TRUE VALUE**
**HARDWARE,**

**PLAINTIFF**

vs.                                                                 CIVIL ACTION NO. 4:19-cv-3687
                                                                            JUDGE_____

**SENTRY INSURANCE A MUTUAL**
**COMPANY,**

**DEFENDANT.**

## PLAINTIFF'S ORIGINAL COMPLAINT
## JURY TRIAL DEMANDED

COMES NOW, **KAYDEE INTERNATIONAL CORP d/b/a GOLFCREST TRUE VALUE HARDWARE** (hereinafter, referred to as Plaintiff), and files this, its **Original Complaint**, and for causes of action against SENTRY INSURANCE A MUTUAL COMPANY (hereinafter, referred to as "Defendant" or "SENTRY INSURANCE"), would show unto the Court and the jury the following:

### PARTIES AND SERVICE OF PROCESS

1.      Plaintiff **KAYDEE INTERNATIONAL CORP** owns the property located at 5206 Telephone Road, Houston, Texas, 77087 that is the subject of this lawsuit and is situated in Harris County, Texas. **KAYDEE INTERNATIONAL CORP** is a domestic corporation with its principal place of business located at 5206 Telephone Road, Houston, Texas 77087.

2.      Defendant, SENTRY INSURANCE is a foreign insurance company licensed to transact insurance in the State of Texas with its principal place of business

1

located at 1800 North point Drive, Stevens Point, WI 54481. Defendant may be served with personal service by a process server, by serving its Attorney for Service, CT Corporation System at 1999 Bryan Street, Suite 900, Dallas, Texas, 75201.

## STATUTORY AUTHORITY

3. This suit also brought in part, under the Texas Insurance Code, Sections 541.051 *et seq.,* 541.151 *et seq.*, 542.051 *et se.,* and Tex. Civ. & Rem. Code Section 38.01 *et seq.*

## JURISDICTION

4. This Honorable Court maintains subject matter jurisdiction over this matter, pursuant to 28 U.S.C. § 1332, based on complete diversity of citizenship between the parties. The amount in controversy exceeds the minimum jurisdictional limits.

## VENUE

5. This Honorable Court maintains venue under 28 U.S.C. § 1391(b)(2), being the judicial district of the location of the property that is the subject of this action.

## NOTICE AND CONDITIONS PRECEDENT

6. Defendant has been provided written notice of the claims made by Plaintiff in this complaint, including a statement of Plaintiff's actual damages and expenses in the manner and form required by Tex. Ins. Code § 542A.003.

7. All conditions precedent necessary to maintain this action and in order to maintain claim under the insurance policy in question have been performed, occurred, or have been waived by Defendant.

**FACTS**

8. This lawsuit arises out of the following transactions, acts, omissions, and/or events. A windstorm struck South Texas on July 4, 2018 and caused damage throughout the region. On or about July 4, 2018, Plaintiff's property sustained damages as a result of the windstorm.

9. Plaintiff submitted a claim to Defendant, SENTRY INSURANCE, pursuant to the contract of insurance, for damages to the property as a result of the windstorm and asked Defendant, SENTRY INSURANCE to honor its contractual obligations and cover the cost of repairs to the property.

10. Defendant, SENTRY INSURANCE, accepted the Plaintiff's claim and assigned a claim number of 66F343083-228.

11. Defendant, SENTRY INSURANCE assigned independent adjuster, Jimmy Heilander of Eberl Claim Services and engineer, Ian G. Ray of Evergreen Structures, LLC to investigate and evaluate the claim.

12. Plaintiff then hired Richard Myers of OCRG Consultant Group, LLC to inspect the property for damages from the windstorm, properly investigate and evaluate the claim, and communicate with Defendant and its representatives regarding the claim.

13. Mr. Myers inspected the property on or about July 30, 2018 and found covered wind damage to the roofs that allowed water to enter the interior.

14. Mr. Heilander of Eberl Claims Services performed an inspection in July and determined that there were no wind or hail created openings in the roof surfaces or perimeter of the building to have caused interior water infiltration. Thereafter on July 30, 2018, Defendant, SENTRY INSURANCE sent a letter stating that losses due to normal wear and tear, seepage and faulty repairs were excluded and denying coverage.

15. Mr. Ray of Evergreen Structures, LLC inspected Plaintiff's property in August 2018 and his findings mirrored the finding of the independent adjuster. Thereafter, on August 29, 2018 Defendant, SENTRY INSURANCE, sent a denial letter to Plaintiff's public adjuster that was almost an exact duplicate of the denial letter sent to the Plaintiff in July.

16. Even though the property had sustained extensive damages from the storm, Mr. Heilander and Mr. Ray ignored wind created damages to the roof that allowed water to enter and cause interior damages. Mr. Heilander and Mr. Ray completed results oriented, unreasonable inspections, failed to document all the covered wind damages to the property, ignored facts supporting coverage and improperly denied Plaintiff's damages.

17. Plaintiff did not agree with Mr. Heilander and Mr. Ray's assessment of the damages to its property.

18. Richard Myers determined that Plaintiffs' property damages were grossly undervalued by Mr. Heilander, Mr. Ray and SENTRY INSURANCE. Stevephen Lott of Gulf South Construction Consultants, LLC inspected the property and determined that there was wind damage to the roof and water damage that entered through wind created openings. Mr. Lott provided an estimate of damages in the amount of $649,830.12.

19. Defendant, SENTRY INSURANCE relied upon Mr. Heilander and Mr. Ray's inaccurate and unreasonable reports to deny the Plaintiff's damages. Furthermore, Defendant, SENTRY INSURANCE failed to accept or deny coverage for the remaining damages in writing within the statutory deadline.

20. Based on the improper, inadequate, and incomplete investigation of SENTRY INSURANCE, and its representatives, the Plaintiff received a denial of its damages.

21. To date Plaintiff has yet to receive full payment on its windstorm claim.

22. Defendant, SENTRY INSURANCE ignored the information provided by the Plaintiff and its public adjuster. Instead, Defendant, SENTRY INSURANCE chose simply to only rely on the portions of its adjuster's, consultant's, and vendors' reports which supported the results-oriented investigation and coverage decisions supporting denial of Plaintiff's claim.

23. Defendant, SENTRY INSURANCE failed to perform its contractual obligation to compensate Plaintiff under the terms of the Policy.

## CAUSES OF ACTION AGAINST DEFENDANT, STATE FARM LLOYDS - COUNT I - BREACH OF CONTRACT

24. Each of the foregoing paragraphs is incorporated by reference in the following.

25. Plaintiff and Defendant SENTRY INSURANCE executed a valid and enforceable written insurance contract providing insurance coverage to the insured location at 5206 Telephone Road, Houston, Texas. The policy provides coverage for the peril of wind such as those sustained during the windstorm, among other perils.

26. All damages and loss to the Plaintiff's property were caused by the direct result of a peril for which Defendant SENTRY INSURANCE insured the Plaintiff, pursuant to the policy herein, specifically, the perils of wind and rain.

27. Defendant, SENTRY INSURANCE sold the subject insurance policy to Plaintiff insuring the subject insured property in its "as is" condition.

28. Plaintiff suffered a significant loss with respect to the property at issue and additional expenses as a result of the high winds and rain that occurred during the windstorm.

29. Plaintiff submitted a claim to Defendant, SENTRY INSURANCE pursuant to the contract of insurance for damages as a result of high winds and rain that occurred during the windstorm.

30. Plaintiff provided Defendant, SENTRY INSURANCE, with proper notice of damage to the exterior and interior of the subject insured property.

31. Defendant, SENTRY INSURANCE ignored the information provided by the public adjuster and other information provided by Plaintiff that supported coverage of Plaintiff's damage and chose to rely solely on its own consultants.

32. SENTRY INSURANCE by and through its adjusters and representatives have failed to properly evaluate the damages resulting from the covered cause of loss.

33. SENTRY INSURANCE by and through its adjusters and representatives failed to retain the appropriate experts and/or consultants to evaluate the winds and water damages to the subject property.

34. As of this date SENTRY INSURANCE by and through its adjusters and representatives have failed to pay for the winds and water damages to Plaintiff's property.

35. Plaintiff has attempted on numerous occasions to obtain full and complete payment for covered losses pursuant to the insurance policy.

36. Defendant, SENTRY INSURANCE, acting through its agents, servants, representatives and employees has failed to properly investigate, evaluate and adjust

Plaintiff's claim for benefits in good faith and has further failed to deal fairly with Plaintiff.

37. Defendant, SENTRY INSURANCE has failed and refused to evaluate the information and surrounding facts regarding Plaintiff's covered claim, choosing instead to hide behind palpably incorrect assumptions and conclusions of its agents, employees or consultants.

38. As of this date Defendant, SENTRY INSURANCE continues to be in breach of the contract.

39. SENTRY INSURANCE ignored the information provided by Plaintiff and its public adjuster during the handling of the claim and failed to indemnify Plaintiff for the full amount of the covered damages.

40. SENTRY INSURANCE failed to make any payment after receipt of the additional information from Plaintiff and its public adjuster.

41. The mishandling of Plaintiff's claim caused a delay in Plaintiff's ability to fully repair the Property, resulting in additional damages.

### COUNT II - VIOLATIONS OF THE TEXAS UNFAIR OR DECEPTIVE PRACTICES ACT

42. Each of the foregoing paragraphs is incorporated by reference in the following.

43. Defendant SENTRY INSURANCE is an entity that is required to comply with Tex. Ins. Code Sections 541.051; 541.060; 541.061; and 541.151. Defendant's conduct constitutes multiple violations of the Texas Unfair or Deceptive Practices Act.

    1. Misrepresenting a material fact or policy provision relating to coverage at issue;

7

a. Making an untrue statement of material fact. SENTRY INSURANCE through its agents, employees, or consultants prepared an estimate of damages that was misleading as to the value of damages to the subject property.

b. Failing to state a material fact necessary to make other statements made not misleading, considering the circumstances under which the statements were made. SENTRY INSURANCE through its agents, employees, or consultants failed to advise Plaintiff that it failed to perform proper testing of the building and property in order to more accurately investigate and evaluate the damages resulting from the covered perils of wind and rain.

c. Making a statement in a manner that would mislead a reasonably prudent person to a false conclusion of a material fact. SENTRY INSURANCE through its agents, employees, or consultants advised Plaintiff and its public adjuster in a letters dated July 30, 2018 and August 29, 2018 that it had investigated and evaluated the damages to the subject property resulting from the July 4, 2018 windstorm and concluded its coverage determination, thereby misleading the Plaintiff to conclude that a proper and complete investigation had been performed.

2. Failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of a claim with respect to which the insurer's liability had

    become reasonably clear SENTRY INSURANCE failed to consider reports provided by Plaintiff and failed to utilize information in the reports that would support coverage of Plaintiff's damages.

  3.  Failing to promptly provide a reasonable explanation of the basis in the policy, in relation to the facts or applicable law, for the insurer's denial of a claim. To date, Defendant has failed to provide a reasonable explanation of the basis of its denial of coverage for all of Plaintiff's damages.

  4.  Refusing to pay a claim without conducting a reasonable investigation with respect to the claim. SENTRY INSURANCE through its agents, employees, or consultants failed to request its employees, agents, or consultants to perform proper testing of the building at the subject insured property in order to properly evaluate the extent and value of damages resulting from the windstorm event of July 4, 2018.

  44.  Defendant's unfair settlement practice in failing to conduct a proper and thorough evaluation, failing to perform adequate testing of the building to more accurately investigate and evaluate the damages, failing to advise Plaintiff that it had not performed proper testing of the building and had not properly investigated and evaluated the damages, and preparing both a misleading and inaccurate damage estimate resulted in Defendant's failure to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the claims, even though Defendant's liability under the policy was reasonably clear, and constitutes an unfair method of competition and an unfair and

deceptive act or practice in the business of insurance. Tex. Ins. Code Sections 541.051, 541.060 and 541.061.

## **COUNT III – VIOLATIONS OF THE PROMPT PAYMENT OF CLAIMS ACT**

45. Each of the foregoing paragraphs is incorporated by reference here fully.

46. Defendant's conduct constitutes multiple violations of the Texas Prompt Payment of Claims Act - Tex. Ins. Code Chapter 542. All violations made under this article are made actionable by Tex. Ins. Code Section 542.060.

47. Specifically, Defendant failed to accept or reject Plaintiff's claim within the time period or notify the Plaintiff why it needed more time, as required by Tex. Ins. Code 542.056.

48. Defendant failed to timely conduct a proper investigation of the damages to the subject property resulting from a covered peril. resulting in a delay of payment of adequate insurance benefits as contracted under the insurance policy between the parties.

49. Defendant's failure to give adequate consideration to the information provided by Plaintiff's public adjuster, which made liability reasonably clear, resulted in additional delay of payment of the claim after having sufficient information to make payment for such claim.

50. SENTRY INSURANCE ignored the information provided by Plaintiff and Plaintiff's public adjuster during the handling of the claim and did not make adequate payment.

51. SENTRY INSURANCE, upon receipt of the Stevephen Lott report from Plaintiff, had sufficient information to make full payment to Plaintiff for the damages, but as of this date has failed to do so.

## COUNT IV - BREACH OF COMMON LAW
## DUTY OF GOOD FAITH AND FAIR DEALING

52.     Each of the foregoing paragraphs is incorporated by reference here fully.

53.     Defendant's conduct constitutes a breach of the common law duty of good faith and fair dealing owed to its insured pursuant to the insurance contract and in direct contradiction of the applicable industry standards of good faith and fair dealing.

54.     Defendant failed to conduct a proper and thorough evaluation, failing to perform adequate testing of the building to more accurately investigate and evaluate the damages, failing to advise Plaintiff that it had not performed proper testing of the building and had not properly investigated and evaluated the damages, and preparing both a misleading and inaccurate damage estimate.

55.     Defendant's failure, as described above, to adequately and reasonably investigate, evaluate, and pay the benefits owed under the insurance contract, knowing full well through the exercise of reasonable diligence that its liability was reasonably clear, resulted in a breach of the duty of good faith and fair dealing.

56.     SENTRY INSURANCE ignored the information provided by Plaintiff's public adjuster during the handling of the claim and did not make adequate payment.

57.     SENTRY INSURANCE failed to make any payment after receipt of the additional information from the public adjuster and Stevephen Lott, when SENTRY INSURANCE knew or should have known liability was reasonably clear.

## COUNT V – VIOLATIONS OF THE TEXAS
## DECEPTIVE TRADE PRACTICES ACT

58.     Each of the foregoing paragraphs is incorporated by reference here fully.

59. At all material times herein, Plaintiff was a "consumers" who purchased insurance products and services from Defendant, SENTRY INSURANCE and the products and services form the basis of this action.

60. Defendant SENTRY INSURANCE has violated the Texas Deceptive Trade Practices-Consumer Protection Act ("DTPA") in at least the following respects:

    a. By accepting insurance premiums but refusing without a reasonable basis to pay benefits due and owing, engaged in an unconscionable action or course of action prohibited by DTPA § 17.50(a)(1)(3) in that Defendant SENTRY INSURANCE took advantage of Plaintiff's lack of knowledge, ability, experience, and capacity to a grossly unfair degree, resulting in a gross disparity between the consideration paid in the transaction and the value received, all in violation of Chapters 541 and 542 of the Texas Insurance Code;

    b. Generally engaging in unconscionable courses of action while handling the claim; and/or

    c. Violating the provisions of the Texas Insurance Code, as further described elsewhere herein.

## KNOWLEDGE AND INTENT

61. Each of the acts described above, together and singularly, was done "knowingly" and "intentionally" and was a producing cause of Plaintiff's damages described herein.

## DAMAGES AND PRAYER

62. **WHEREFORE, PREMISES CONSIDERED**, Plaintiff herein, complain of Defendant SENTRY INSURANCE's acts and omissions and pray that, Defendant be cited to appear and answer and that upon a final trial on the merits, Plaintiff recover from Defendant the following:

63. Plaintiff would show that the aforementioned acts, taken together or singularly, constitute the proximate and/or producing causes of damages sustained by Plaintiff.

64. For breach of contract by Defendant, SENTRY INSURANCE Y, Plaintiff is entitled to regain the benefit of its bargain, which is the amount of the claims, together with attorney's fees, pursuant to Tex. Civ. & Rem. Code Sec. 38.001 *et seq*.

65. For noncompliance with the Texas Unfair or Deceptive Practices Act by Defendant, SENTRY INSURANCE, Plaintiff is entitled to actual damages, which includes the loss of the benefits that should have been paid pursuant to the policy, including but not limited to direct and indirect consequential damages, mental anguish, court costs and attorney's fees. For knowing conduct of the acts complained of, Plaintiff asks **for three (3) times** its actual damages, pursuant to Tex. Ins. Code Ann. Section 541.152 *et seq*.

66. For noncompliance with the Texas Prompt Payment of Claims Act by Defendant, SENTRY INSURANCE, Plaintiff is entitled to the amount of their claim, as well as ten (10) percent interest per annum post judgment interest, together with reasonable and necessary attorney's fees, as allowed by law, and for any other further relief, either at law or in equity, to which it may show itself to be justly entitled, pursuant to Tex. Ins. Code Sec. 542.058 *et seq*. and 542.060 *et seq*.

67. For violations of the common law duty of good faith and fair dealing by Defendant, SENTRY INSURANCE, Plaintiff is entitled to actual damages, direct and indirect consequential damages, mental anguish, and exemplary damages.

68. For noncompliance with the Texas Deceptive Trade Practices Act ("DTPA") by Defendant, SENTRY INSURANCE, Plaintiff is entitled to actual damages, which includes the loss of the benefits that should have been paid pursuant to the policy, including but not limited to direct and indirect consequential damages and mental anguish damages, court costs and attorney's fees. For knowing conduct of the acts complained of, Plaintiff asks for **three (3) times** its damages, pursuant to the DTPA and Tex. Ins. Code Ann. Section 541.152 *et seq*.

## JURY DEMAND

69. Plaintiff respectfully demands a **trial by jury**.

Respectfully submitted,

**PANDIT LAW FIRM, L.L.C.**

BY: /s/ *Phillip N. Sanov*
**PHILLIP N. SANOV, Bar No. 17635950**
**CARLA R. DELPIT, Bar No. 2248226**
**One Galleria Tower**
**2700 Post Oak Blvd., 21st Floor**
**Houston, Texas 77056**
**Telephone:   (832) 583-5663**
**Facsimile:    (504) 313-3820**
**Email: psanov@panditlaw.com**
              **cdelpit@panditlaw.com**

**ATTORNEYS FOR PLAINTIFF**
**KAYDEE INTERNATIONAL CORP**
**d/b/a GOLFCREST TRUE VALUE**
**HARDWARE**